## HARTER v. MARSH.

Ohio Supreme Court.

No. 29849. Decided Mar. 7, 1928.

Error to Portage Appeals.

On motion to dismiss petition.

Motion overruled.

Syllabus by Editorial Staff.

**465. ERROR PROCEEDINGS—941. Practice and Procedure.**

Filing of petition in error more than 70 days after entry of judgment, on journal, by Court of Appeals, not ground for dismissal where motion to certify was filed within 30 days after judgment, and petition in error filed within 70 days after allowance of motion to certify.

(Marshall, CJ., and Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)

For reference to full opinion see Omnibus Index, last page, this issue.

---

## WILSON et v. ECCLES et.

Ohio Supreme Court.

No. 20979. Decided May 31, 1928.

Error to Morrow Appeals.

Judgment reversed.

**362a. DECEDENTS' ESTATES—615. Husband and Wife.**

Section 8577 GC., has no application to property acquired, by intestate after death of former deceased husband or wife, even though such property is purchased from proceeds of property coming from such former deceased husband or wife, or is increase of accumulations of such property.

MARSHALL, C. J.

Section 8577, General Code, has application only to the identical property which comes to an intestate from a former deceased husband or wife and has no application to property acquired by such intestate after the death of such former deceased husband or wife even though such property is purchased from the proceeds of property coming from such former deceased husband or wife or is the increase of accumulations of such property.

(Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)

---

## RUCKER v. STATE.

Ohio Supreme Court.

No. 20935. Decided May 31, 1928.

Error to Hamilton Appeals.

Judgment affirmed.

**291. CONSTITUTIONAL LAW—941. Practice and Procedure.**

Court will not pass upon constitutionality of statute unless question is presented by record and decision becomes necessary to determination of cause.

**333. CRIMINAL LAW—803. Murder.**

Drunkenness no excuse for crime. Proof of intoxication competent, as bearing upon question of intent and premeditation, or to show that no crime was committed.

**423. DRUNKENNESS—643. Insanity.**

Drunkenness not insanity unless derangement which it causes becomes fixed and continued, rendering party incapable of distinguishing between right and wrong.

**225. CHARGE OF COURT—1077. Self Defense.**

In criminal case where court omits to charge upon feature claimed applicable to evidence, defendant should make specific request for instruction. Where evidence does not show facts which justify charge upon subject of self defense and no request is made for such instruction, omission by court will not warrant reversal.

**908. PEREMPTORY CHALLENGE.**

In trial for first degree murder, court may, in absence of governing statute, determine manner of exercise of right of peremptory challenge.

DAY, J.

1. A court will not pass upon a constitutional question and declare a statute invalid unless such question is presented by the record and a decision upon that point becomes necessary to the determination of the cause.

2. Acute alcoholism or mental incapacity produced by voluntary intoxication existing temporarily at the time of the homicide is generally no excuse or justification for the crime. Proof of such intoxication, however, is competent and proper for the jury to consider as bearing upon the question of intent and premeditation, in determining whether the accused is guilty of murder in the first degree or some lesser degree of homicide, or to show that no crime was committed. (Nichols v. State, 8 Ohio St., 435; Davis v. State, 25 Ohio St., 369; Cline v. State, 43 Ohio St., 332; and Long v. State, 109 Ohio St., 77, approved and followed.)

3. Drunkenness is not insanity, nor does it answer to what is termed an unsound mind, unless the derangement which it causes becomes fixed and continued by the drunkenness being habitual, or by chronic alcoholism, and thereby rendering the party incapable of distinguishing between right and wrong, the same as insanity produced by any other cause.

4. In a criminal case where the court omits to charge upon a feature of the law claimed to be applicable to the evidence, the defendant, in order to predicate reversible error upon the court's omission, should call the court's attention to that point and make a specific request for such instruction.

5. Where upon trial for murder the evidence does not show facts at the time of the homicide which justified a charge upon the subject of self defense and no request was made for such instruction, its omission by the court will not warrant a reversal upon such ground.